liLOBRANO, Judge.
Plaintiff, Michael Learson, appeals the dismissal of his suit against the Estate of Louis Rosenson (Rosenson) on an exception of no cause of action. We reverse.
Plaintiffs petition alleges that on December 29, 1994, the residence located at 1725 General Taylor Street in New Orleans was sold by the Estate of Louis Rosenson[1], to Chuck Bussey and/or his company, Neighborhood Restorations, Inc. On January 20, 1995, plaintiff claims that while visiting the renter of the property he was severely injured when he fell through a rotted wooden step of the stairs that led from the porch to the sidewalk.
Plaintiff claims that the cause of his fall was the dangerous, weak, rotted and defective wooden step which was insufficient and unfit for its intended purpose. He claims that Rosenson performed certain cosmetic repair work in order to sell the property. Included in this repair work was the painting of the wooden porch and steps. Plaintiff claims that Rosenson knew or should have known that the wooden step was dangerous, weak, rotted and defective and needed to be replaced rather than merely being painted. Plaintiff asserts that the steps | zwere painted to give the impression that they were fresh, new, safe and strong. His allegations are that Rosenson had either actual or constructive notice of the presence of this hazardous condition and was negligent in failing to repair it or to post warnings. Plaintiff claims that this hazardous condition was not disclosed prior to the sale.
The trial court maintained Rosenson’s exception of no cause of action and dismissed plaintiffs claim against that defendant.[2] Plaintiffs appeal presents the issue of whether his petition states a cause of action against the former owner of the property. Rosenson argues that, as a matter of law, there can be no claim against the former owner of property for injuries sustained as a result of a defective condition in the property.
*1303 “The exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert that exception.” Charia v. Hulse, 619 So.2d 1099, 1100 (La.App. 4th Cir.1993). Although plaintiffs petition alleges both negligence and strict liability theories, he concedes article 2317 cannot apply because the Rosenson Estate is no longer the owner. However, plaintiff urges that his petition sufficiently alleges facts which, if taken as true, support a cause of action in negligence. We agree.
If the former owners, prior to their sale of the property, knew of a defective condition and concealed the problem by merely painting over them, rather than repairing or at least advising of their condition, then they may be responsible for plaintiffs injuries. The subsequent sale of the property, as a matter of law, does not automatically absolve the former owner of their negligent acts. At the very least, the former owner has a duty to advise or make the new|3owner aware of conditions which could pose a danger to others. It is reasonable to associate that duty with the possibility that someone may be injured by the dangerous condition. Thus, despite defendants argument to the contrary, where a defective thing is involved, not only can its owner be responsible for damages, but also the party who actually created the risk whether or not he is the owner. Williams v. City of Monroe, 27,065, 27,066 (La.App. 2nd Cir. 7/3/95), 658 So.2d 820, writ denied, 95-1998 (La.12/15/95), 664 So.2d 451 and 95-2017 (La. 12/15/95), 664 So.2d 452.
For the reasons assigned, the trial court judgment is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.

. Plaintiff also sued the current owner, Bussey, in negligence and strict liability.