LGORBATY, Judge.
In this appeal, defendant/ appellant, Continental Casualty Company (“Continental”), contends that the trial court erred in apportioning forty percent of the fault for plaintiffs accident to defendant Jack Worley, its insured. For the reasons set forth below, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

This lawsuit arises from an accident that occurred on June 12, 1992. Plaintiff Charles W. Kreher, IV alleges that he was severely injured when he slipped and fell on water on the kitchen floor of the property he was renting at 6642 Bellaire Drive (“the Bellaire property”). Plaintiff, who had lived in the Bellaire property for three years, asserts that the gutters above the frame of the sliding glass door were worn, causing rainwater to leak inside the premises onto the kitchen floor. Plaintiff initially filed suit against June Bertucci as the owner of the Bellaire property at the time of the accident and against her insurer, Allstate | insurance Company. Plaintiff later amended his petition to add Dr. Jack Worley as an additional defendant, as well as his insurer, Continental.
Dr. Worley sold the Bellaire property “as is” to Bertucci on May 8, 1992, pur *616 suant to a bond for deed contract. As a result of the sale, the Bellaire property was removed from his homeowner’s insurance policy issued by Valley Forge Insurance Company, and Dr. Worley was refunded the applicable portion of the premium. Worley was also insured under a personal umbrella excess insurance policy issued by Continental, which arguably only covered his primary residence.
Prior to the sale, HMA Home Inspection Service conducted an inspection of the Bel-laire property on behalf of Bertucci. The inspection report revealed various deficiencies. Specifically, it disclosed defects in the gutters and significant interior water damage resulting from water leaking into the apartment through the sliding glass door. The report stated, “[T]he gutters are leaking at the left side, gutters are deteriorating at left side. Replace gutters at right side.” The report also noted that the “wall covering is damaged at right side of sliding door_Evidence of prior leakage noted on ceiling at 6642 dinning [sic] area in kitchen. Monitor status.” Stain marks were apparent down the side of the building to the top of the sliding glass door. Worley or his agent, D & L Properties, had placed a piece of wood above the sliding glass door in an apparent attempt to deflect the water from entering the premises through the sliding glass door.
| aWorley and Bertucci received and reviewed copies of the inspection report. Rather than make the repairs to the property himself, Worley agreed to accept a reduced purchase price for the property.
After a judge trial on the issues of liability and coverage only, the court found that Worley was liable to plaintiff under negligence and strict liability theories. The court apportioned forty percent of the fault to Worley, thirty-five percent of the fault to Bertucci, and twenty-five percent of the fault to plaintiff. Initially, the court rendered judgment against Valley Forge Insurance Company and Continental, as insurers of Worley. Later, it issued an amended judgment removing Valley Forge from the judgment and holding Continental solely liable for the fault attributed to Worley. Continental subsequently filed this appeal.

DISCUSSION

Continental asserts that the trial judge erred in finding that Worley was strictly liable for plaintiffs accident.
Worley sold the property to Bertucci pursuant to a bond for deed contract one month before this incident. La. R.S. 9:2941 defines bond for deed as a “contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.”
Louisiana Civil Code Article 2317 provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of things which we have in our custody. This, however, is to be understood with the following modifications.
14At the time this accident occurred, Louisiana Civil Code Article 2322 provided:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.
In the instant case, Worley sold the property to Bertucci pursuant to a bond for deed contract more than one month prior to the accident that is the subject of this dispute. Under the bond for deed sale, Worley retained the title of the prop *617 erty until repayment, but relinquished possession, care, custody, and control of the property as of the time of the sale. Wor-ley had no legal right to even enter the Bellaire property after the sale was completed. The requisite care, custody, and control of the property were transferred to Bertueci at that time. Worley’s position can be analogized to that of a bank that holds a mortgage on a piece of property until a loan is completely repaid. As such, we find that Worley is not the “owner” of the property, as contemplated by the strict liability articles. Certainly, the Bellaire property was not in his “custody,” as described in article 2317. Accordingly, Wor-ley cannot be held strictly hable for plaintiffs injuries, and nor can Continental, as his insurer.
Continental next contends that the trial court erred in attributing fault to Worley under a theory of negligence, and finding that he owed a duty to plaintiff.
Louisiana Civil Code Article 2315 provides that “every act whatsoever of man that causes damage to another obliges him by whose fault it happened to repair it.” The standard analysis of whether to impose liability for negligence under article 2315 is the duty/ risk analysis. As discussed earlier, Bertueci bought the property “as is,” and was well aware of the many defects in the property, including the one that allegedly caused plaintiffs injury, before she purchased it. |RNo evidence was presented at trial, nor was it argued, that Worley concealed the defect in any way. Consequently, any duty owed to plaintiff was specifically assumed by Ber-tucci as the putative owner when she purchased the property. Worley relinquished any duty owed to the plaintiff when he sold the Bellaire property.
Since we find that Worley is not liable to the plaintiff under any theory, we preter-mit discussion of Continental’s other assignments of err.or.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court for proceedings consistent with the law and this opinion.

REVERSED AND REMANDED.