864 So.2d 789 (2003)
Angel K. POPLAR
v.
DILLARD'S DEPARTMENT STORES, INC. and ABC Insurance Company.
No. 03-CA-1023.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*790 Edwin R. Fleischmann, Jr., Fleischmann Law Firm, Metairie, LA, Raymond S. Steib, Jr., Gretna, LA, for Plaintiff-Appellee.
Robert D. Peyton, Robert E. Peyton, Christovich & Kearney, L.L.P, New Orleans, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Dillard Department Stores, Inc., defendant-appellant, from a $16,617.40 judgment in favor of Angel Poplar, plaintiff-appellee, who broke several teeth when she bit into a foreign object in a shrimp po-boy at defendant's restaurant. Because we find neither legal nor manifest factual error in the judgment we affirm.
The facts are straightforward. At the time of the incident in question here, plaintiff had an upper dental bridge which consisted of two center false front teeth attached to the natural teeth on either side. She was eating a shrimp po-boy at defendant's restaurant when she bit into a hard object which she later described as being about one inch long. She said that she felt her bridge come loose in her mouth and that she swallowed the object without reflecting on what was happening. She immediately informed the restaurant manager and went into the ladies room to see what had happened. She discovered then that the two side supporting teeth had broken off at the gum line and the entire bridge had thus come loose.
After a bench trial, plaintiff was awarded $4,711.00 for dental bills, $1,906.40 in lost wages, and $10,000.00 in general damages. No reasons for judgment appear in the record. Defendant now appeals.
The only issue before this court on appeal is whether the trial judge properly found the defendant restaurant liable for plaintiff's injuries. The defendant relies on Porteous v. St. Ann's Cafe & Deli, 97-0837 (La.5/29/98), 713 So.2d 454, for the proposition that in restaurant harmful food cases the duty-risk analysis is the applicable law. It further urges that under this analysis the plaintiff in the present case *791 failed to prove a specific act of negligence which would establish its liability to her. While we agree that Porteous, supra, is the law, we disagree that plaintiff failed to prove her case.
Factual determinations are reviewed on appeal under the manifest error standard. In the present case the trial judge found that plaintiff was credible in testifying that she bit into a foreign substance in the sandwich and that it broke her bridge. Because these findings are based on the trier of fact's assessment of the veracity of the witness, and in the absence of other evidence which would render the testimony implausible, we must affirm those findings. Stobart v. State through DOTD, 617 So.2d 880 (La.1993).
That being established, the next issues are whether the defendant had a duty to protect its patrons from such foreign substances, and if so, whether it breached that duty. In Porteous, supra, the court stated that:
A food provider, in selecting, preparing, and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food. (at 457)
Defendant's position here is that unless a plaintiff can show some specific act constituting a breach of the above duty on the part of the restaurant, she can not prevail. We hold otherwise. In our opinion the doctrine of res ipsa loquitur is applicable on the facts of this case. That doctrine is a rule of circumstantial evidence which permits the fact finder to infer negligence where 1) the circumstances surrounding the event are such they would not normally occur in the absence of negligence on someone's part, 2) the instrumentality was in the exclusive control of the defendant, and 3) the negligence falls within the duty of care owed the plaintiff. However, even where the doctrine is applicable, the inference of a breach of duty is only one aspect of the totality of the evidence in a case, and this inference may be overcome by contrary evidence. Cangelosi v. Our Lady of the Lake Medical Ctr., 564 So.2d 654 (La. 1989).
All three elements are present here. There is no question that the presence of a foreign object in prepared food is a circumstance from which it can be inferred that someone was negligent in the preparation of that food. It is equally clear that the ingredients of the sandwich were in the control of the restaurant staff. Finally, the negligent act of serving food with a foreign object in it is within the ambit of the duty owed to customers. Thus an inference of negligence on defendant's part was supportable.
The final part of the analysis is whether there was other countervailing evidence sufficient to produce a result different from the inference. This of course is a factual determination subject to the manifest error rule. Here the trial judge tacitly concluded that the inference of breach of duty was not outweighed by other evidence, and therefore found the defendant liable. We find no manifest error in this finding and so must affirm it.
We finally note that in Porteous, supra, the defense showed that its kitchen procedures would filter out most foreign objects, but that the pearls in oysters could not be detected without undertaking extraordinary procedures. The court there stated that when objects are innate to the food itself the duty to eliminate such objects is less demanding. It held that the restaurant had not breached its duty in failing to detect the pearl. In the present case there was no showing by defendant that shrimp sometimes contain hard foreign objects *792 and therefore that it had a lesser duty to watch for such objects.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.