CLARENCE E. McMANUS, Judge.
| gThe plaintiff, Doris Jones, is appealing from the trial court’s ruling granting summary judgment in favor of defendants, Chris and Carolyn Angelette, dismissing them from this suit. For the reasons that follow, we affirm the decision óf the trial court.
The procedural history relevant to this suit is as follows. Plaintiff, Doris Jones, filed suit for damages on November 19, 2003. In her petition she alleged that, on June- 5, 2003, she was staying at an apartment complex at 178 Catherine Street in *600 Grand Isle, Louisiana. She was attempting to sit in a chair on a deck attached to the apartment complex. The porch deck railing gave way and she fell backwards off the deck, approximately 8½ feet to the ground below. In her petition, she named as defendants, Ronald and Susan Briscoe, owners of the complex, Scottsdale Insurance Company, the owner’s liability carrier, and Chris and Carolyn Angelette, who had sold the complex to the Briscoes.
During the course of the proceedings, Ms. Jones settled her suit with the Bris-coes and Scottsdale Insurance Company, and they were dismissed from the suit, leaving only Mr. and Mrs. Angelette as defendants.
The Angelettes filed a motion for summary judgment, arguing that an “As Is” clause in the contract of sale between the Briscoes and the Angelettes relieved lathem of liability. The trial court denied the motion on July 26, 2004. Trial commenced on March 7, 2005, at which time the trial court granted a motion in limine, prohibiting defendants from arguing that the “As Is” clause in the act of sale relieved the Angelettes from liability. Writs were taken with this Court and the panel reversed, Jones v. Briscoe, 05-C-622 (La.App. 5 Cir. 3/9/05). This Court concluded that the “As Is” clause was relevant to the potential liability of the previous owners of the property, and was admissible evidence, relying on Kreher v. Bertucci, 01-1730 (La.App. 4 Cir. 3/20/02), 814 So.2d 614. Plaintiffs writ application to the Louisiana Supreme Court was denied, 05-0610 (3/9/05). On March 9, 2005, the trial court granted defendants’ motion for mistrial.
On March 17, 2005, Ms. Jones filed a motion for summary judgment, and on April 13, 2005, the defendants filed another motion for summary judgment. After a hearing, the ■ trial court denied plaintiffs motion and granted defendants’ motion, dismissing plaintiffs suit against them.
In this appeal, Ms. Jones argues that the trial court erred in granting the motion for summary judgment filed by the Ange-lettes and in denying the summary judgment of the plaintiff.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). The summary judgment procedure is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.... ” LSA-C.C.P. art. 966(A)(2).
The court’s review of a grant or denial of a motion for summary judgment is de novo. Ocean Energy v. Plaquemines Parish Gvmt., 04-0066 (La.7/6/04), 880 So.2d 1. Thus, we ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Id.
The facts show that Chris and Carolyn Angelette purchased the property in 2000. Angelette constructed the deck with guardrails in the summer of 2001, while he was the owner of the property. He applied for and obtained a building permit prior to constructing the deck. The deck and railing were inspected by an inspector for the town of Grand Isle before, during and after construction, and it complied with the codal provisions for the town. Mr. Angelette stated he constructed the deck with a top rail, a middle rail and a bottom rail, and that the bottom rail was in place when the property was sold. Ms. Jones claimed that the bottom rail was missing at the time of the accident. There *601 is no evidence to show when the bottom rail went missing.
The Angelettes sold the property to Ronald and Susan Briscoe on February 27, 2002. The Act of Sale between the parties contained an “As Is” clause, which states
“PURCHASERS acknowledge and recognize that the subject property, buildings and improvements thereon are being sold in “AS IS” condition, and, accordingly, PURCHASERS hereby relieve and release SELLERS and all previous owners from any and all liability for any vices or defects in such property, whether obvious or latent, known or unknown, easily discoverable or hidden, and particularly from any and all liability for any claim or cause of action for redhibition pursuant to the provisions of Louisiana Civil Code Articles 2520 et seq., or for dimunition[diminution] of the purchase price pursuant to the provisions of Louisiana Civil Code 2541 et seq. PURCHASERS acknowledge and understand that Louisiana redhibition law enables the PURCHASERS to hold the SELLERS responsible for any hidden defects in the property existing on the date of the act of sale and PURCHASERS hereby specifically waive that right. Additionally, PURCHASERS acknowledge and agree that this sale is made without warranty of fitness for any ordinary or particular use pursuant to Louisiana Civil Code Article 2524. PURCHASERS acknowledge that the above waiver has been explained to them and |sthat they have read and understand these terms and agree to be bound by this waiver of warranty.
Plaintiff stated her cause of action as one in negligence, relying on LSA-C.C. arts. 2315 and 2316. She alleges that Mr. Angelette was negligent in his construction of the rail and that his negligence caused her injuries. She further argues that the “As Is” clause does not apply to this case, as it is a redhibition waiver.
By the terms of the “As Is” clause the Briscoes, as purchasers, were relieved “from any and all liability for any vices or defects in such property, whether obvious or latent, known or unknown, easily discoverable or hidden, from any and all liability for any vices or defects in such property, whether obvious or latent, known or unknown, easily discoverable or hidden.” Therefore, the Angelettes were released from liability for any injury occurring as a result of a defective condition in the property. Further, we do not agree with plaintiffs contention that the “As Is” clause only relieves the seller of liability for red-hibitory defects. While the clause clearly spells out that there is no liability for redhibitory defects, it does not limit the waiver to only those causes.
The trial court, in reasons for judgment stated that “After further review and a rereading of the Kreher case, this Court believes that any defect in the guardrail, whether constructed by Chris Angelette or not, was easily discoverable and therefore, this Court finds that the “As Is” clause relieves Chris Angelette from liability. In the case of Kreher v. Bertucci, supra, plaintiff filed suit for injuries received when he slipped and fell in the kitchen of the apartment he was renting. In his petition he alleged that the gutters above the frame of the sliding glass door were worn, allowing rain water to leak inside the premises and onto the kitchen floor. He named as defendants the current owner of his apartment, as well as the | fiprevious owner, who had sold the property one month prior to the accident, pursuant to a bond for deed. The sale document contained “as is” language.
*602 The appellate court found that the previous owner had no liability under the theory of negligence, stating that
Louisiana Civil Code Article 2315 provides that “every act whatsoever of man that causes damage to another obliges him by whose fault it happened to repair it.” The standard analysis of whether to impose liability for negligence under article 2315 is the duty/ risk analysis. As discussed earlier, Bertucci bought the property “as is,” and was well aware of the many defects in the property, including the one that allegedly caused plaintiffs injury, before she purchased it. No evidence was presented at trial, nor was it argued, that Worley concealed the defect in any way. Consequently, any duty owed to plaintiff was specifically assumed by Bertucci as the putative owner when she purchased the property. Worley relinquished any duty owed to the plaintiff when he sold the Bellaire property.
At page 617.
We too find the Krehler case applicable, and we find no error in the grant of summary judgment in favor of defendants. Plaintiff argues on appeal that her claims against the Angelettes are based on negligence, and that the “As Is” clause does not operate to extinguish any duty that the Angelettes owed to her. However, as clearly stated in the Krehler case, supra, any duty owed to plaintiff was assumed by the Briscoes when they purchased the property, and the Angelettes relinquished any duty owed to plaintiff when they sold the property.
Plaintiff further argues that the presumption of res ipsa loquitur is applicable to this case. The doctrine is a rule of circumstantial evidence which permits the fact finder to infer negligence where 1) the circumstances surrounding the event are such they would not normally occur in the absence of negligence on someone’s part, 2) the instrumentality was in the exclusive control of the defendant, and 3) the negligence falls within the duty of care owed the plaintiff. Poplar v. Dillard’s Dept. Stores, Inc., 03-1023 (La.App. 5 Cir. 12/30/03), 864 So.2d 789, writ not considered, 04-0287 (La.3/26/04), 871 So.2d 335. The undisputed facts show that the deck and railing were not in the exclusive control of the Angelettes. In addition, we have previously said that any alleged negligence of Mr. Angelette in constructing the railing was relinquished by the “As Is” clause.
For the above discussed reasons, we affirm the decision of the trial court granting summary judgment in favor of Chris and Carolyn Angelette, dismissing plaintiffs suit against them. All costs are assessed to plaintiff appellant.

AFFIRMED

DALEY, J., dissents with reasons.