DALEY, J.,
dissenting with reasons.
hi respectfully dissent from the majority opinion in this case. A contract of sale between a buyer and seller with an “as is” clause does not negate a third party’s cause of action against the seller for personal injuries caused by a defect created by the seller’s negligence. The majority and the trial judge rely on Kreher v. Bertucci, 01-1733 (La.App. 4 Cir. 3/20/02), 814 So.2d 614, to support the granting of the defendants’ summary judgment motion. I find that case distinguishable because it deals with an alleged defect that was known to the purchaser and which was not constructed by the seller. In this ease defendant, Chris Angelette, allegedly constructed defective guardrails.
A contract between the Angelettes and Briscoes, wherein the Angelettes sold the property to the Briscoes in an “as is” condition, does not provide immunity to the Angelettes for negligent acts or for *603 non-disclosed hidden defects. See Learson v. Bussey, 96-2339 (La.App. 4 Cir. 3/26/97), 691 So.2d 1301, which held that a sale of the property does not automatically absolve the former owner of liability for his or her negligent acts. The Fourth Circuit found that, at the very least, the former owner has a duty to advise the new owner of the conditions that could pose a danger to others. Supra at 1303. The Court in Learson went on to declare that “where a defective thing is involved, not only can its owner be responsible for damages, but also the party who actually created the risk whether or not he is the owner.” Id. 1303 citing Williams v. City of Monroe, 27,065, 27,066 (La.App. 2nd Cir.7/3/95), 658 So.2d 820, writ denied, 95-1998 (La.12/15/95), 664 So.2d 451 and 95-2017 (La.12/15/95), 664 So.2d 452.
For the above reasons, I respectfully dissent and would have reversed the grant of summary judgment, reinstated the cause of action of against the Angelettes, and remanded the matter for further proceedings.