927 So.2d 564 (2006)
Diana E. BONNER
v.
Joseph MARTINO, Tamara Martino and USAA Insurance Co.
No. 05-CA-701.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
Pius A. Obioha, New Orleans, Louisiana, for Plaintiff/Appellant.
Peter J. Wanek, Lynda A. Tafaro, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and CLARENCE E. McMANUS.
*565 CLARENCE E. McMANUS, Judge.
Plaintiff, Diane Bonner, appeals the grant of a summary judgment dismissing her claims against Joseph and Tamara Martino and their liability insurer, USAA Insurance Co. For the reasons that follow, we affirm the decision of the trial court.
Ms. Bonner was employed by Mr. and Mrs. Martino as a housekeeper. While she was working for them, the Martinos obtained, as a pet, a Doberman Pinscher named Jerry. On August 10, 2001, Ms. Bonner arrived at the Martino house in the early evening. She entered the front door and went to the rear of the house where Linda Williams, also employed by the Martinos, was present. After speaking to Williams, Ms. Bonner opened the door to the back where Mrs. Martino was. The dog ran to the door, and jumped on it. The door went back and struck Ms. Bonner in the face, causing injury.
Bonner filed suit against Mr. and Mrs. Martino and USAA, alleging that the dog was unreasonably dangerous, and had caused her injuries. Defendants filed for summary judgment, arguing that the undisputed facts would not support a finding of unreasonable risk of harm, and would show that the accident at issue was unforeseen. The trial court rendered judgment in favor of defendants, finding that plaintiff could not establish unreasonable risk of harm. In this appeal, plaintiff alleges that the trial court erred in failing to find that genuine issues of material facts existed with regard to the issue of whether the dog posed an unreasonable risk of harm.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Underwood v. Best Western Westbank, Inc., 04-243 (La. App. 5 Cir. 8/31/04), 881 So.2d 1271.
This court's review of a grant or denial of a motion for summary judgment is de novo. We ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1. LSA C.C. art. 2321 provides
The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
*566 To establish a strict liability claim against a dog owner under art. 2321, the plaintiff must prove that his person or property was damaged by the owner's dog, that the injuries could have been prevented by the owner, and that the injuries did not result from the injured persons' provocation of the dog. To show that the owner could have prevented the injuries under art. 2321, the plaintiff must prove that the dog presented an unreasonable risk of harm. Pepper v. Triplet, 03-0619 (La.1/21/04), 864 So.2d 181, Andrus v. L.A.D. Corp., 03-1488 (La.App. 5 Cir. 5/26/04), 875 So.2d 124, writ denied 04-2095 (La.11/15/04), 887 So.2d 483.
The criterion for determining whether defendants' dog posed an unreasonable risk of harm to plaintiff is a balancing of claims and interests, a weighing of the risk and gravity of harm, and a consideration of individual societal rights and obligations, similar to that employed in determining whether a risk is unreasonable in a traditional negligence problem, and in deciding the scope of duty or legal cause under the duty risk analysis. Pepper, supra, citing Boyer v. Seal, 553 So.2d 827 (La.1989).
Plaintiff, in her deposition, stated that she saw that the dog was outside when she arrived at the house. When she opened the back door, she saw the dog run from around the side of the house toward the door. She admitted that she did not try to shut the door when she saw the dog coming towards it. The dog jumped against the door and the door moved back, hitting her in the face. The dog did not make contact with her in any way. Ms. Bonner stated that the dog was allowed to roam freely in the house and yard. She further stated that she was not afraid of the dog.
Linda Williams stated in her deposition that she was cautious around large dogs in general. She was not afraid of the dog, and he was allowed to roam free inside the house. To her knowledge, the dog had never bitten or attacked anyone. When Ms. Bonner opened the door, the dog jumped on it, in an attempt to get into the house. His weight pushed the door back onto Ms. Bonner.
Mrs. Martino testified that the dog weighed between sixty and eighty pounds. He had never attacked or bitten anyone, and was allowed to roam the house freely. Ms. Martino did not see the accident occur.
Ms. Bonner did not seek medical treatment until the next day. After the accident, she remained at the Martino home, and attempted to perform her duties. The dog was roaming freely in the house at that time, and she did not request that the dog be put outside or restrained.
Plaintiff bears the burden of proving by a preponderance of the evidence that the dog caused her injuries, which the owner could have prevented and which did not result from her provocation of the dog. To show whether the owner could have prevented the injury, the plaintiff must establish that the dog posed an unreasonable risk of harm. Pepper, supra. We find that, under the undisputed facts of this case, the trial did not err in determining that the plaintiff could not make a showing that the dog presented an unreasonable risk of harm to her or to the public.
For the above discussed reasons, the decision of the trial court is affirmed.
All costs are assessed against appellant.
AFFIRMED.