SUSAN M. CHEHARDY, Judge.
|2Plaintiff, Kim Joseph, appeals a judgment of the trial court that granted a defense motion for summary judgment in her suit for injuries sustained when a row of mailboxes fell on her. For reasons that follow, we affirm.
Plaintiff is a mail carrier for the United States Postal Service. Her route includes defendant’s multi-building apartment complex located at 2301 Severn Avenue in Metairie. According to the petition, Ms. Joseph was delivering mail to the complex on June 28, 2003 when “multiple mailboxes fell on her,” causing her to sustain “severe personal injuries.” Ms. Joseph filed this action against the owner of the apartment complex, alleging that the accident was due solely to the negligence of defendants.
In due course, defendants answered the petition and filed a motion for summary judgment. Plaintiff filed an opposition to the defendant’s motion for | asummary judgment and a supplemental, and an amending petition invoking the doctrine of res ipsa loquitur.
In support of the motion for summary judgment, defendant attached portions of Ms. Joseph’s deposition in which she explains she has been delivering mail to the complex for two years and has never noticed any problem with the mailboxes. Further, during that time she did not hear any complaints about how the mailboxes were set up. She also stated that the complex was maintained well and she saw maintenance crews there “all the time.” Ms. Joseph delivered mail to the complex six days out of the week. The accident happened on a Saturday and it was a “surprise.”
Defendants also provided the court with affidavits of two managers of the complex. Laura Franklin was employed as manager for approximately three years until she left in June of 2003. Vickie Landry was manager from January of 2003 through May of 2004. Both women state that they toured the premises and performed visual inspections on a daily basis. Neither found any defects in the mailboxes.
Plaintiffs opposition did not provide the trial court with any evidence of material facts undecided.[1]
After a hearing on the matter the trial court granted defendant’s motion and entered a judgment against plaintiff. It is that judgment that is. before us on appeal.
*877 In brief to this court, plaintiff argues the trial court erred in granting summary judgment. Plaintiff does not raise any facts that are still at issue. Rather, she maintains that when “a building collapses owned by the defendant onto a passerby,” the doctrine of res ipsa loquitur is applicable.
|4Pefendant argues that under the facts of this case, the doctrine of res ipsa loqui-tur is not applicable, and that summary judgment was correctly granted.
Pursuant to La. C.C.P. art. 966(B), a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. While the initial burden of proof remains with the mover to show that no genuine issue of material fact exists, if the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 966(C)(2); Bonner v. Martino, 05-701 (La.App. 5 Cir. 3/28/06), 927 So.2d 564.
Summary judgments are now favored and are designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). Decisions as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La.App. 5 Cir. 6/28/05), 907 So.2d 804.
Our review of the grant of a summary judgment is de novo, using the same criteria applied by the district court in order to determine whether the grant of summary judgment was appropriate. Fremin v. Cabral, 05-932 (La.App. 5 Cir. 3/28/06), 926 So.2d 80.
The doctrine of res ipsa loquitur is a rule of circumstantial evidence which permits the fact finder to infer negligence where; 1) the circumstances surrounding the event are such they would not normally occur in the absence of negligence on someone’s part, 2) the instrumentality was in the exclusive control of the |fidefendant, and 3) the negligence falls within the duty of care owed the plaintiff. Poplar v. Dillard’s Dept. Stores, Inc., 03-1023 (La.App. 5 Cir. 12/30/03), 864 So.2d 789, writ not considered, 04-0287 (La.3/26/04), 871 So.2d 335.
As explained by the Louisiana Supreme Court;
.Although the fact that an accident has occurred does not alone raise a presumption of,the defendant’s negligence, the doctrine of res ipsa loquitur (the thing speaks for itself) permits the inference of negligence on the part of the defendant from the circumstances surrounding the injury. The doctrine of res ipsa loquitur involves the simple matter of a plaintiffs using circumstantial evidence to meet the burden of proof by a preponderance of the evidence. The doctrine merely assists the plaintiff in presenting a prima facie case of negligence when direct evidence is not available. The doctrine permits, but does not require, the trier of fact to infer negligence from the circumstances of the event.
(citations and footnotes omitted)
Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654, 664 (La.1989)
We are not persuaded by plaintiffs argument that the presumption of the doctrine of res ipsa loquitur should be *878 applied in this matter. There has been no showing that the mailboxes were in the exclusive control of the defendant, an essential element of the doctrine. Therefore, we find that our review of the grant of the summary judgment must be done using the applicable law set forth in La. C.C. art. 2322 as follows.
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
As part of the 1996 Tort revision, the law of strict liability was amended to add the requirement of knowledge on the part of the owner or custodian of a thing. That | ¿requirement has effectively eliminated strict liability in most circumstances. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865.
In the matter before us, defendant has presented un-refuted evidence that plaintiff cannot show the essential element of knowledge at a trial on the merits. By plaintiffs own testimony it is clear that this was a well-maintained area and there was no indication that anything was wrong with the mailboxes. Even plaintiff, who delivered mail to the boxes six days a week for two years, had no prior knowledge that the mailboxes were defective in any way. She stated that when they fell it was a “surprise.”
Therefore, we find the trial court correctly granted the motion for summary judgment, and we affirm that ruling.
AFFIRMED.

. Although the memo in opposition refers to photographs of the mailboxes and states that they are attached as "Exhibit A,” is appears the photographs were not actually attached to the memo, and not introduced into evidence in the trial court.