973 So.2d 138 (2007)
Lottie WILLIAMS, Plaintiff-Appellant
v.
A & M OPERATING COMPANY, INC., d/b/a Restaurant First/Popeye's and XYZ Insurance Company, Defendants-Appellees.
No. 42,754-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*139 S. Douglas Busari & Associates, LLC, by S. Douglas Busari, for Appellant.
Theus, Grisham, Davis & Leigh, LLP by Phillip D. Myers, Monroe, for Appellees.
Before BROWN, STEWART, and GASKINS, JJ.
BROWN, Chief Judge.
Plaintiff, Lottie Williams, appeals from a judgment in favor of defendant, A & M Operating Company, Inc. d/b/a Restaurant First/Popeye's,[1] based upon the court's finding that defendant did not breach its duty to plaintiff. Because we find that the trial court did not commit manifest error, we affirm.

Facts and Procedural Background
On July 10, 2003, plaintiff purchased fried chicken from the Popeye's restaurant at 410 East Green Street in Tallulah, Louisiana. Plaintiff, dining with three other police officers at the police station, bit into a piece of chicken and sustained an injury when a staple embedded in a chicken wing stuck in her gum. She did not see the staple prior to biting into the, chicken wing because it was covered in batter. As a *140 result of the incident, plaintiff contends that she sustained serious personal and emotional injuries and that she had to' be on medication for those injuries through February 2004.
Upon conclusion of the trial, the trial court rendered judgment in favor of defendant, finding that it did not act unreasonably in selecting, preparing, and cooking the food. The trial court's determination was based on its findings that no employee of Popeye's inserted the staple into the chicken wing, and that there was little that Popeye's could have done to eliminate this risk. From this adverse ruling plaintiff has appealed.

Discussion
Our supreme court has deter mined that a restaurant is not strictly liable for the food it serves. In Porteous v. St. Ann's Café & Deli, 97-0837 (La.05/29/98), 713 So.2d 454, a restaurant-harmful food product case, the supreme court found that the proper analysis to determine a defendant's liability is the traditional duty risk tort analysis.[2] To determine, whether a defendant acted negligently, the plaintiff must prove the existence of five elements: (1) duty; (2) breach of duty; (3) cause-in-fact: (4) scope of liability or scope of protection: and (5) damages. Porteous, supra; Roberts v. Benoit, 605 So.2d 1032 (La.1991) (on rehearing).
In addressing the issue of a commercial restaurant's duty to serve food free of injurious substances, the supreme court in Porteous, supra at 457, stated that:
A food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food.
In the case sub judice, the scope of defendant's duty and whether there was a breach of duty are at issue. Plaintiff contends that Popeye's had a duty to remove injurious substances from its food and that by failing to remove the staple from the chicken wing it breached that duty. Defendant, however, asserts that its procedures for preparing and cooking the chickenvisual inspection, cleaning, marinating, battering and fryingwere those of a reasonable man skilled in the culinary arts.
In support of defendant's position, Melissa Martin, general manager of the Popeye's in Tallulah at the time of the incident at issue, testified that in the seven years that she worked at the Popeye's in Tallulah there were never any reports of a staple or any other foreign object being found in a piece of chicken. When questioned about the preparation process of the chicken, Ms. Martin testified that the outside of each piece of chicken is inspected during the seasoning process, but that the pieces are not cut open to search for any *141 possible foreign objects since the chicken is delivered pre-cut and pre-washed to the restaurant by Montgomery Poultry.
Plaintiff, however, asserts the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur allows for negligence to be inferred when: (1) the circumstances surrounding the event are such they would not normally occur in the absence of negligence on someone's part; (2) the instrumentality was in the exclusive control of the defendant; and (3) the negligence falls within the duty of care owed the plaintiff. Poplar v. Dillard's Dept. Stores, Inc., 03-1023 (La.App. 5th Cir.12/30/03), 864 So.2d 789.[3]
Based on the aforementioned testimony of Ms. Martin, it is clearly evident that the doctrine of res ipsa loquitur is not applicable in the present case. Ms. Martin testified that the chicken was plucked, pre-cut, prewashed packaged, and delivered by someone other than Popeye's. Thus, the chicken was not in the exclusive control of defendant and, accordingly, the doctrine of res ipsa loquitur does not apply.
Defendant's duty was to act as a reasonably prudent man skilled in culinary arts in the selection and preparation of food. The trial court's determination, that defendant did not breach its duty to act in a reasonably prudent manner in selecting, preparing and cooking the food, was not manifestly erroneous.

Conclusion
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
NOTES
[1] Plaintiff also named as defendant "XYZ Insurance Company."
[2] Prior to Porteous, supra, the Louisiana Courts of Appeal had been applying the common law foreign-natural test and/or the reasonable expectation test in restaurant-harmful food product cases. Under the foreign-natural test, as applied by Louisiana courts, if the injurious substance was "foreign" to the food then the restaurant was strictly liable, but if the injurious substance was "natural" to the food then recovery was barred, unless the restaurant was negligent in failing to discover and remove the injurious natural substance. Under the reasonable expectation test, liability would be imposed on a restaurant if the customer had a reasonable expectation that the injurious substance would not be found in the food product, but recovery would be barred if the customer should have reasonably expected the injurious substance in his food. The supreme court in Porteous, supra, declined to adopt either of these tests and instead decided that the traditional duty risk tort analysis would be employed to determine liability, with the foreign-natural test and the reasonable expectation test as factors to be considered.
[3] In Poplar, supra, the Fifth Circuit found that the doctrine of res ipsa loquitur applied when the plaintiff bit into a shrimp po-boy and broke her teeth on a hard foreign object. Unlike the case currently before us, the court in Poplar determined that all three elements of the res ipsa loquitur doctrine were present.