995 So.2d 639 (2008)
Philip BAYER, John Patrick Blancaneaux, William H. Couret, III, Vanessa Harvey, Tamara Lang and Hayward Bush
v.
OMNI HOTELS MANAGEMENT CORPORATION, Omni Royal Crescent Corporation, 535 Gravier, L.L.C., Decatur Hotels, LLC As Successor to Decatur Hotel Corporation, William G. Sherrer and Gerard Vitrano.
No. 2007-CA-0866.
Court of Appeal of Louisiana, Fourth Circuit.
August 27, 2008.
Rehearing Denied December 17, 2008.
*640 Patricia S. LeBlanc, Kelly Rabalais, Gloria T. Lastra, LeBlanc Butler, L.L.C., Metairie, LA, for Defendant/Appellee (Decatur Hotels, L.L.C.).
Mark P. Glago, Glago Law Firm, L.L.C., New Orleans, LA, and R. Brent Cueria, Cueria Law Firm, L.L.C., New Orleans, LA, and Louis R. Koerner, Jr., Koerner Law Firm, Houma, LA, and Robert G. Creel, The Creely Law Firm, L.L.C., and Anthony D. Irpino, Irpino Law Firm, New Orleans, LA, for Plaintiffs/Appellants.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
MICHAEL E. KIRBY, Judge.
Plaintiffs, Philip Bayer, et al., appeal the trial court judgment granting summary judgment in favor of defendant, Decatur Hotels LLC, and dismissing the claims of plaintiffs against that defendant. This judgment is immediately appealable *641 due to the fact that the trial court certified the judgment as a final judgment pursuant to La. C.C.P. article 1915.
Plaintiffs filed a petition for damages in 2003 against defendants, Omni Hotels Management Corporation, Omni Royal Crescent Corporation, 535 Gravier, L.L.C., Decatur Hotels, LLC, as Successor to Decatur Hotel Corporation, William G. Sherrer and Gerard Vitrano. At the time of the filing of the petition, plaintiffs were current or former employees of Omni Royal Crescent Corporation. Plaintiffs alleged that the Omni Royal Crescent Hotel underwent renovations that were competed in 1996. Plaintiffs further alleged that certain construction defects permitted moisture to permeate the walls of the hotel and led to conditions in which toxic mold began to form and grow in the rooms, hallways and stairways. These conditions allegedly resulted in illness to plaintiffs. Plaintiffs alleged that Decatur Hotels LLC ("Decatur"), the defendant in whose favor summary judgment was granted in this case, was the developer responsible for the conversion of the property located at 535 Gravier Street into a hotel.
Decatur filed a motion for summary judgment, asking for dismissal of plaintiffs' claims for alleged injuries due to mold contamination. Decatur states that it is now only a limited liability member of 535 Gravier, LLC, the owner of the hotel since 1997, and is immune from liability for the debts of 535 Gravier, LLC. Decatur further claims that to the extent that plaintiffs assert claims against Decatur as the former owner of the hotel, those claims are not recognized under Louisiana law. In support of its motion for summary judgment, Decatur submitted a memorandum, a statement of uncontested material facts, the building contract for the renovation of the hotel, the Certificate of Substantial Completion for the work performed on the hotel and the petition for damages.
In opposition to the motion for summary judgment, plaintiffs submitted a memorandum, numerous depositions and an Act of Capital Contribution to 535 Gravier, LLC, executed by Decatur. Decatur filed a reply memorandum in support of its motion for summary judgment, and attached the Act of Capital Contribution by Decatur to 535 Gravier, LLC, and the 535 Gravier, LLC, Amended and Restated Limited Liability Company Agreement.
The trial court granted the motion for summary judgment filed by Decatur, and dismissed all claims asserted by plaintiffs against Decatur. The court certified the judgment of dismissal as final pursuant to La. C.C.P. article 1915, and ordered that the judgment is immediately appealable. Plaintiffs now appeal.
On appeal, plaintiffs argue that the trial court erred in granting summary judgment in favor of Decatur and dismissing plaintiffs' claims against Decatur. Specifically, plaintiffs argue that Decatur was completely involved in the renovation of the hotel and the architectural and contractual decisions that produced moisture and other conditions that caused the initiation and growth of toxic mold. Furthermore, plaintiffs argue that after solely operating the hotel for more than a year, Decatur simply transferred, as opposed to selling, the hotel property to 535 Gravier, LLC, for no consideration other than a controlling stake in 535 Gravier, LLC.
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Article 966 was amended in 1996, but the burden of proof remains *642 with the mover to show that no genuine issue of material fact exists. If the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiff's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C.P. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La. App. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31,258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.
The record establishes that Decatur purchased the property at issue in April 1994. In 1997, ownership of the property was transferred to the limited liability company of 535 Gravier, LLC, with Decatur retaining a limited liability membership in the company. A member of a limited liability company is not liable for the debts, obligations or liability of the company. La. R.S. 12:1320 B. A former owner of property can only be held liable for defective conditions in the property if the former owner knew of the defective conditions prior to the transfer of the property and concealed those problems. See Learson v. Bussey, 96-2339 (La.App. 4 Cir. 3/26/97), 691 So.2d 1301.
Plaintiffs argue on appeal that defective conditions were present in the building prior to 1998. They contend that even though ownership of the building was transferred to 535 Gravier, LLC, in 1997, Decatur is still liable for plaintiffs' injuries caused by mold exposure because Decatur failed to sufficiently waterproof the building when it was being renovated in 1995 and 1996. According to plaintiff, the failure to waterproof and other construction defects led to conditions that resulted in toxic mold that caused harm to plaintiffs.
However, as noted by the trial court at the hearing on the motion for summary judgment, the plaintiffs' original and amending petitions do not contain any allegations that the mold conditions that could have caused plaintiffs' injuries were present prior to 1998. When questioned by the trial court at the hearing, plaintiffs' counsel admitted that there was no allegation in the pleadings that there was a mold problem prior to 1998. Plaintiffs' counsel stated that the deposition testimony offered in opposition to the motion for summary judgment establishes that there were mold problems in the building prior to 1998. The trial court granted Decatur's motion for summary judgment, finding that Decatur was a member of 535 Gravier, LLC, prior to the date that the alleged injuries occurred. The court stated that as such, Decatur is immune from the obligations, including delictual liabilities of the company absent proof of fraud.
Through documentation submitted with its motion for summary judgment, Decatur established that it was no longer the owner of the building in 1998, which is when plaintiffs alleged that toxic mold conditions first existed. The burden of proof then shifted to plaintiffs to produce factual support sufficient to establish that they will be *643 able to satisfy their burden of proof at trial. As a former owner in 1998, Decatur can only be held liable for defective conditions in the building if plaintiffs can prove that Decatur had knowledge of the alleged defects when they owned the building. In its evidence offered in opposition to the motion for summary judgment, plaintiffs failed to offer any proof that Decatur had knowledge of defective conditions in the building prior to the 1997 transfer of the property to 535 Gravier, LLC.
Larry Counce, the architect retained by Decatur in 1995 for the design aspects of the renovation, testified in his deposition that he made recommendations to Decatur regarding waterproofing the building but he had no personal knowledge as to whether his recommendations were followed or not. The deposition testimony of Patrick Quinn, a member of Decatur, does not establish that he was aware of moisture problems in the building during Decatur's ownership of the building from April 1994 to June 1997.
The other witnesses whose depositions were offered in opposition to the motion for summary judgment were employees or experts hired by Omni Royal Crescent Hotel after ownership of the building was transferred to 535 Gravier, LLC, in 1997. The following is a list of the other witnesses and their roles with the hotel. William Carnesi was hired as chief engineer at the hotel in October 1998. Philip Bayer worked at the hotel as a building engineer from February 2002 to November 2003. Michael DeZura worked as the hotel manager starting in August 1999. Patrick Gootee, Vice President of Gootee Construction, was contacted by a representative of the hotel in 2001 to give an estimate of costs to perform repair work caused by water intrusions problems. David Barbier, an employee of Gootee Construction, conducted the inspection of the property in October 2001, while Patrick Gootee was the supervisor of the project. Frederick Gurtler of Gurtler Brothers Consultants, Inc., a consulting engineering firm, was contacted by a representative of the hotel in 2003 to perform mold sampling tests. David DelValle, an employee of Gurtler Brothers Consultants, Inc., conducted those tests in October 2003. William Feaheny, Jr., an environmental consultant, was brought into the project as a subcontractor to Gurtler Brothers in October 2003. Calvin Rice, an owner/partner at Koch & Wilson Architects, was contacted by a representative of the hotel in July 2001 to inspect, evaluate and make recommendations.
None of the evidence submitted by plaintiffs in opposition to Decatur's motion for summary judgment established that Decatur had knowledge of and/or concealed defective conditions in the building prior to the 1997 transfer of the building to 535 Gravier, LLC. Thus, Decatur was entitled to summary judgment in its favor, and dismissal of plaintiffs' claims against it.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.