MICHAEL E. KIRBY, Judge.
 

 kThe plaintiff, Lisa Marie Zumpe, appeals a judgment from First City Court for the City of New Orleans that granted summary judgment in favor of the defendant, Zara’s Little Giant Supermarket, Inc. (“Zara’s”), dismissing her claims against it. For the reasons that follow, we affirm.
 

 In her petition for damages, Ms. Zumpe alleges that she purchased a muffaletta sandwich from Zara’s grocery market. She further alleges that as she bit into the muffaletta she fractured a molar on an olive pit that Zara’s employee(s) had failed to remove while making the sandwich. As a result, Ms. Zumpe alleges she underwent dental treatment, which included a root canal and placement of a crown atop the fractured tooth.
 

 Zara’s filed a motion for summary judgment, arguing that its employee(s) did not make the Italian olive salad used on the muffaletta sandwich at issue, but rather used a pre-made Italian olive salad, which was manufactured by Boscoli Foods, Inc. (“Boscoli Foods”), and purchased from Conco Food Service, Inc. (“Conco Food Service”), a wholesale food supplier. Citing the case of
 
 Porteous v. St. Ann’s Café and Deli,
 
 97-0837, p. 1 (La.5/29/98), 713 So.2d 454, Zara’s argued that it cannot be liable for Ms. Zumpe’s injury because an olive pit is a naturally occurring substance that a customer would reasonably expect to find in olive salad. In opposing the motion, Ms. Zumpe argued that Zara’s employees prepared the muffaletta sandwich and, therefore, had a duty to examine the ingredients for inherent dangers existing in the product.
 

 Following a hearing, the trial court granted Zara’s motion for summary judgment. Ms. Zumpe now appeals.
 

 On appeal, Ms. Zumpe argues the trial court erred in granting summary judgment because no evidence was submitted from which the court could determine the cause and extent of her damages or the lack of liability on the part of Zara’s. She also argues that the trial court improperly granted summary judgment because Zara’s never filed a third party demand against Boscoli Foods.
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.
 
 Samaha v. Rau,
 
 07-1726, p. 3 (La.2/26/08), 977 So.2d 880, 882-83. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file,
 
 *1160
 
 together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B. “Favored in Louisiana, the summary judgment procedure ‘is designed | oto secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.”
 
 King v. Parish Nat’l Bank,
 
 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966 A(2)). La. C.C.P. art. 966 C(2) provides, in pertinent part:
 

 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.
 
 Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 

 (Emphasis added).
 

 In
 
 Porteous v. St. Ann’s Café and Deli, supra,
 
 the plaintiff sued St. Ann’s Café and Deli after he broke a tooth biting into a pearl while eating an oyster poor boy. The Supreme Court, finding no liability on the part of the café, held that “[a] food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food.” 97-0837 at p. 5, 713 So.2d at 457 (footnote omitted). The Court explained:
 

 In determining whether a restaurant breached its duty by failing to act reasonably in the selection, preparation and cooking of the food that contained a substance which caused injury, the court should consider, among other things, whether the injurious substance was natural to the food served and whether the customer would reasonably expect to find such a substance in the particular type of food served.
 

 Id.
 
 at p. 6, 713 So.2d at 457 (footnote omitted). The Court concluded that the injurious substance, a pearl, was in fact a substance natural to the food served, an oyster, and that it was reasonable for a customer to expect to find a pearl in the oyster.
 
 Id.
 
 The Court emphasized that the restaurant bought the oysters pre-shucked, pre-washed, and pre-packed from a reputable seafood supplier and “[tjhere was nothing more the defendant restaurant could reasonably have done to eliminate the small possibility that a customer might find a pearl in an oyster and be injured thereby.”
 
 Id.
 
 at p. 7, 713 So.2d at 457-458 (footnote omitted).
 

 In support of its motion for summary judgment, Zara’s submitted the affidavit of Albert Zara, an owner and vice-president of Zara’s, who averred that the spread used in the muffaletta was an already prepared Italian olive salad manufactured by Boscoli Foods, and purchased from Conco Food Service. He averred that during the preparation of the muffal-etta sandwiches, employees look for possible foreign objects, but do not handle the Italian olive salad with their hands or have the opportunity to feel any existing olive pits, as the olive salad has already been prepared by Boscoli Foods. Mr. Zara further averred that an olive pit is similar in color to an olive and is not readily visible in the ingredients of the Italian olive salad.
 

 
 *1161
 
 In opposing the motion, Ms. Zumpe submitted no countervailing affidavit or any other evidence to contradict Mr. Zara’s affidavit. Considering an olive pit is a naturally occurring substance in olives, and in the absence of any evidence to show that Zara’s employees failed to act reasonably in selecting the ingredients used in the muffaletta sandwich and/or in preparing it, we find the trial court correctly Isgranted the motion for summary judgment dismissing Ms. Zumpe’s claim against Zara’s.
 

 In her appeal brief, Ms. Zumpe points out that in
 
 Poplar v. Dillard’s Department Stores, Inc.,
 
 03-1023, p. 1 (La.App. 5 Cir. 12/30/03), 864 So.2d 789, the Fifth Circuit Court of Appeal declined to follow the decision in
 
 Porteous, supra.
 
 The plaintiff in
 
 Poplar
 
 sued Dillard’s after she broke several teeth when she bit into a foreign object in a shrimp poor boy at the store’s restaurant. The court applied the doctrine of
 
 res ipsa loquitur
 

 [1]
 

 to the case, stating:
 

 All three elements are present here. There is no question that the presence of a foreign object in prepared food is a circumstance from which it can be inferred that someone was negligent in the preparation of that food. It is equally clear that the ingredients of the sandwich were in the control of the restaurant staff. Finally, the negligent act of serving food with a foreign object in it is within the ambit of the duty owed to customers. Thus, an inference of negligence on defendant’s part was supportable.
 

 03-1023 at p. 4, 864 So.2d at 791.
 

 We find the instant case is clearly distinguishable from
 
 Poplar, supra,
 
 and, thus,
 
 res ipsa loquitur
 
 not appropriate for two reasons. First, as previously mentioned, an olive pit is not a foreign object but rather a naturally occurring substance in olives. Second, the olive salad used in the muffaletta sandwich was not in the exclusive control of Zara’s. It was pre-made by Boscoli Foods and purchased from Conco Food Service.
 

 | ¡¡Finally, Ms. Zumpe argues that summary judgment was improperly granted because Zara’s never filed a third party demand against Boscoli Foods, the olive salad manufacturer. She contends Zara’s was the proper party to sue Boscoli Foods as a defendant because Zara’s enjoyed “privity of contract” with the manufacturer of the olive salad when it purchased their product. Ms. Zumpe mistakenly believes that because she did not purchase the olive salad directly from Boscoli Foods she could not sue it for damages. She also suggests that Zara’s knowingly withheld the name of the olive salad manufacturer.
 

 This argument is without merit. Nothing in the record indicates that Ms. Zumpe was prevented from conducting discovery to obtain the name of the olive salad manufacturer and/or filing a claim against it.
 

 Accordingly, for the reasons stated herein, the judgment of the First City Court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Res ipsa loquitur
 
 is a rule of circumstantial evidence which permits the fact finder to infer negligence where 1) the circumstances surrounding the event are such they would not normally occur in the absence of negligence on someone's part, 2) the instrumentality was in the exclusive control of the defendant, and 3) the negligence falls within the duty of care owed the plaintiff. 03-1023, pp. 3-4, 864 So.2d 789, 791.