This arbitration case involves allegations of fraud in the factum and unconscionability. C.T. Hudson sued Outlet Rental Car Sales, Inc. ("Outlet"), and others,[2] asserting various claims stemming from Hudson's acquisition of a used truck from Outlet. The trial court granted Outlet's motion to compel arbitration, and this appeal followed. We reverse and remand.
 I. Facts
The crux of this action is Hudson's allegation that he wanted topurchase a truck from Outlet but instead was defrauded into leasing a truck. Hudson claims that he visited Outlet's place of business, selected a used pickup truck, and began negotiating with an Outlet representative, Rickie Withrow, regarding the terms by which Hudson would trade in his vehicle and purchase the truck. Hudson claims that he specifically informed Withrow that he wanted to purchase, rather than lease, the truck and that he wanted to own the truck "free and clear" after making the necessary payments.
According to Hudson, when Withrow asked him to sign some documents, Hudson informed Withrow that he could not read very well.[3] In his affidavit, Hudson describes his conversation with Withrow as follows: *Page 457 
 "I picked out a used 2002 Dodge Dakota pickup truck and told him that the only way I would trade was if `they could pay off my 1999 truck and finance the loan through the bank for no more than 5 years and keep my payments below $300.00 per month.' If they could meet these requirements, I would trade. I informed him that at the end of 5 years, I wanted to own the vehicle `free and clear.' He replied that you will. After they checked my credit, Mr. Withrow asked me to sign several documents. I informed him that `I could not read anything good enough to get anything out of it.' I only attended school a few years. Mr. Withrow told me not to worry, that the documents were just as we discussed and the vehicle would be paid for in five years. I write very slow and while I was signing the papers, Mr. Withrow told me that I could just initial the documents because it would be quicker."
Hudson claims that the day after he signed the documents (hereinafter referred to collectively as the "lease contract") he went to his insurance agent's office and was informed that his insurance would increase because he was leasing the truck. Hudson immediately returned to Outlet's place of business, but, according to Hudson, Withrow stated that the lease contract was already signed and asked Hudson to leave the premises.
Hudson sued Outlet asserting various claims (including fraud) stemming from Hudson's acquisition of the vehicle from Outlet through the lease contract. Outlet answered the complaint and filed a motion to stay the action and to compel arbitration based on an arbitration agreement in the lease contract. Hudson opposed this motion. Following a hearing, the trial court granted Outlet's motion to compel arbitration, and this appeal followed.
 II. Standard of Review
We review de novo a trial court's ruling on a motion to compel arbitration. Green Tree Fin. Corp. v. Vintson, 753 So.2d 497, 502 (Ala. 1999). Initially, the party seeking to compel arbitration must prove 1) the existence of a contract calling for arbitration, and 2) that the contract "is `a contract evidencing a transaction involving commerce' within the meaning of the Federal Arbitration Act (FAA)." Citizens Bankv. Alafabco, Inc., 539 U.S. 52, 53, 123 S.Ct. 2037, 2038 (2003) (quoting9 U.S.C. § 2). "[A]fter a motion to compel arbitration has been made andsupported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question." Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260,1265 n. 1 (Ala. 1995).
 III. Analysis A. Fraud in the Factum
Hudson argues that Outlet committed fraud in the factum in that he was deceived as to the true nature of what he signed: he actually signed a lease contract when he thought he was signing a purchase contract. SeeHarold Allen's Mobile Home Factory Outlet, Inc. v. Early, 776 So.2d 777,783 n. 6 (Ala. 2000) (discussing the difference between fraud in the inducement and fraud in the factum and noting that "to constitute fraud in the factum . . . the misrepresentation must go to the essential nature or existence of the contract itself, for example, a misrepresentation that an instrument is a promissory note when in fact it is a mortgage"). Outlet appears to admit that Hudson's fraud claim alleges fraud in the factum;[4] however, *Page 458 
Outlet contends that all of Hudson's claims, including his fraud-in-the-factum claim, should be resolved by an arbitrator. We disagree.
There is no question that Hudson's claim alleging fraud in the factum is directed at the entire contract rather than to just the arbitration agreement. Typically, challenges directed at a contract that contains an arbitration agreement, and not at the arbitration agreement itself, are for an arbitrator to resolve. Mason v. Acceptance Loan Co., [Ms. 1010563, Sept. 27, 2002] 850 So.2d 289, 294 (Ala. 2002); InvestmentMgmt. Research, Inc. v. Hamilton, 727 So.2d 71, 78 (Ala. 1999) (relying on Prima Paint Corp. v. Flood Conklin Mfg. Co., 388 U.S. 395
(1967)). However, "a challenge to the very existence of the contract . . . is an issue for a court, not an arbitrator, to decide." Mason,850 So.2d at 295; J.C. Bradford Co. v. Vick, 837 So.2d 271, 273 (Ala. 2002) ("When a party is seeking to enforce an arbitration clause, the question whether a valid contract exists between the parties is to be decided by the trial court, not an arbitrator."). In J.C. Bradford Co. we explained this distinction:
 "In Prima Paint Corp. v. Flood Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the United States Supreme Court held that a fraud-in-the-inducement challenge to a contract that contained an arbitration clause should be decided by an arbitrator, and not by a court. However, we follow the reasoning of other courts that limit the holding in Prima Paint Corp. to `voidable' contracts (e.g., a contract where a party is induced through fraud or a contract where a party is an infant). However, where a party challenges the very existence of a contract, that dispute must be decided by a court. See Shearson Lehman Bros. v. Crisp, 646 So.2d 613 (Ala. 1994)."
837 So.2d at 237 n. 2.
Under these principles, it is clear that Hudson's fraud- in-the-factum claim is to be resolved by the trial court. Indeed, we have recently recognized that fraud-in-the-factum claims test the "very existence of a contract" and are not subject to arbitration. See Anderson v. Ashby, [Ms. 1011740, May 16, 2003] 873 So.2d 168 (Ala. 2003) (discussing HaroldAllen's Mobile Home Factory Outlet, Inc. v. Early, supra, and OakwoodMobile Homes, Inc. v. Barger, 773 So.2d 454 (Ala. 2000)).
Therefore, the trial court erred in submitting Hudson's fraud-in-the-factum claim to arbitration. In order to determine whether the lease contract "exists" as between the parties, the trial court must resolve this claim. If, upon consideration of this claim, the trial court resolves the fraud-in-the-factum claim against Hudson and finds that the lease contract did in fact "exist" between the parties, then the court may submit the remaining claims to arbitration if such action is appropriate.
 B. Unconscionability
Hudson also contends that the arbitration agreement contained in the lease contract is unconscionable. However, we cannot reach this issue. As stated above, it is for the trial court to determine whether the lease contract "exists," and until that question is resolved we do not know if there exists an arbitration agreement between the parties to be examined as to whether it is unconscionable.
 IV. Conclusion
For the reasons stated above, we reverse the trial court's order granting Outlet's motion to compel arbitration, and we *Page 459 
remand this case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[2] The parties' briefs list the following as appellees: Rickie L. Withrow, Mark Rhode, and Regions Bank, Inc. However, Hudson's notice of appeal listed only Outlet Rental Car Sales, Inc., as an appellee.
[3] Hudson submitted evidence indicating that he reads at a second-grade level and that he is in the bottom 1% of the general population his age with regard to reading, spelling, and arithmetic. Outlet disputes the claim that Hudson was incapable of understanding the documents he signed.
[4] However, Outlet argues that Hudson has not demonstrated substantial evidence of fraud in the factum.