McKay Building Company, Inc., Bob McKay, Donna Mitchell, and Randy Maxwell appeal from the trial court's order denying their motion to compel arbitration and to stay the proceedings pending arbitration. We reverse and remand.
 I. Facts and Procedural History
On September 27, 2002, Joseph G. Juliano and Mariana Juliano signed a contract with McKay Building Company, Inc., an Alabama corporation, to remodel portions of the Julianos' house, including the kitchen. The Julianos contend that someone[1]
represented to them that the electrical wiring in the house was defective and needed to be replaced. Thus, the Julianos contracted with McKay Building to perform that additional electrical work in connection with the remodeling job. However, *Page 884 
when they perceived that they may have been misled regarding alleged defects in the electric wiring in the house, the Julianos stopped McKay Building from completing the renovation.
On October 1, 2004, the Julianos sued McKay Building, Bob McKay, Donna Mitchell, and Randy Maxwell, alleging fraud, breach of contract, negligence, wantonness, and conspiracy, all arising out of the remodeling job.[2] The agreement that the Julianos and McKay Building signed for the remodeling job contained an arbitration agreement. McKay Building and the other defendant[3] moved the trial court to stay the proceedings in the trial court and to compel arbitration. In support of their motion and as evidence that the transaction affected interstate commerce, McKay Building and the other defendants submitted an affidavit of Bob McKay. In his affidavit, Bob McKay stated, among other things, that the renovation of the Julianos' kitchen required the use of "lumber that frequently comes from Oregon and other states outside of Alabama."
In opposition to the motion to compel arbitration, the Julianos argued that Bob McKay's affidavit was insufficient to establish that the transaction, i.e., the remodeling project, involved interstate commerce. In response, McKay Building and the other defendants submitted a supplemental affidavit of Bob McKay. In the supplemental affidavit, Bob McKay stated that the recessed lighting fixtures that were to be used in the renovation were manufactured in Massachusetts.
The trial court denied the motion to stay the proceedings and to compel arbitration. McKay Building, McKay, Mitchell, and Maxwell appeal.
 II. Standard of Review
We review the trial court's grant or denial of a motion to compel arbitration de novo. Bowen v. Security Pest Control,Inc., 879 So.2d 1139, 1141 (Ala. 2003). Initially, the party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction involving interstate commerce. Polaris Sales, Inc. v. Heritage Imports,Inc., 879 So.2d 1129, 1132 (Ala. 2003). The moving party "`"must produce some evidence which tends to establish its claim."'" Wolff Motor Co. v. White, 869 So.2d 1129,1131 (Ala. 2003) (quoting Jim Burke Auto., Inc. v.Beavers, 674 So.2d 1260, 1265 (Ala. 1995), quoting in turnIn re American Freight Sys., Inc., 164 B.R. 341, 345
(D.Kan. 1994)). Once the moving party has supported his or her motion to compel arbitration, the nonmovant then has the burden to present evidence tending to show that the arbitration agreement is invalid or inapplicable to the case.Polaris, 879 So.2d at 1132.
 III. Analysis
The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides in *Page 885 
relevant part that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable. . . ." 9 U.S.C. § 2. The FAA is applicable if (1) a written contract calling for arbitration exists and (2) the transaction at issue involves interstate commerce. The parties in this case do not dispute that a written contract calling for arbitration exists. The parties disagree only as to whether the transaction at issue involves interstate commerce.
The FAA "provides for `the enforcement of arbitration agreements within the full reach of the Commerce Clause.'"Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56,123 S.Ct. 2037, 156 L.Ed.2d 46 (2003). The Supreme Court of the United States has held that Congress's Commerce Clause power may reach a transaction even if the individual transaction at issue does not have a "substantial effect" on interstate commerce if "in the aggregate the economic activity in question would represent `a general practice . . . subject to federal control.'" 539 U.S. at 56-57, 123 S.Ct. 2037 (quotingMandeville Island Farms, Inc. v. American Crystal SugarCo., 334 U.S. 219, 236, 68 S.Ct. 996, 92 L.Ed. 1328
(1948)). Thus, the FAA is applicable to transactions (1) that use the channels of interstate commerce, (2) that involve the instrumentalities of interstate commerce, or persons or things in interstate commerce, or (3) that involve general activities having a substantial effect on interstate commerce. SeeWolff Motor Co., 869 So.2d at 1132 (identifying three broad categories of activity Congress can regulate under its commerce power). Evidence that a party to a transaction does business outside of Alabama or that it regularly deals in interstate commerce is sufficient to demonstrate that the transaction involves interstate commerce. See Wolff Motor Co.,869 So.2d at 1133-34, 1133 n. 4 (stating in a footnote that any of the reasons set forth in Alafabco — or that the parties regularly deal in interstate commerce as inWolff Motor Co. — standing alone is sufficient for the application of the FAA and pointing out that the Supreme Court of the United States in Alafabco held that the FAA applied to the transaction there because a party in that case was doing business throughout the southeastern United States).
The Julianos argue that McKay Building and the other defendants failed to present any evidence indicating that the contract between the Julianos and McKay Building actually involves interstate commerce. The Julianos argue that McKay's assertion in his affidavit that lumber that was to be used for the renovation frequently comes from outside Alabama is insufficient to prove that this transaction involves interstate commerce. Because McKay Building did not install the light fixtures it says were manufactured in Massachusetts or offer evidence indicating that those light fixtures were actually ordered for the Julianos' remodeling project, the Julianos also argue that the fact that the light fixtures were manufactured in Massachusetts is irrelevant. In sum, the Julianos argue that the evidence presented by McKay Building and the other defendants in the form of McKay's affidavits does not prove the actual installation in the Julianos' kitchen of materials that traveled, in the channels of interstate commerce.
The Julianos cite Huntsville Utilities v. ConsolidatedConstruction Co., 876 So.2d 450 (Ala. 2003), in support of their argument that McKay Building and the other defendants offered insufficient evidence to show that the transaction involved interstate commerce. In Huntsville, the movant submitted affidavits and various invoices from out-of-state vendors in support *Page 886 
of its motion to compel arbitration. 876 So.2d at 452. In that case, we noted that after the United States Supreme Court's decision in Citizens Bank v. Alafabco, Inc., supra, we no longer require that an individual transaction involve a "substantial effect" on interstate commerce. 876 So.2d at 454. Instead, we noted, the FAA is triggered if the transaction affects interstate commerce or "`if in the aggregate the economic activity in question would represent "a general practice . . . subject to federal control."'"876 So.2d at 454-55 (quoting Alafabco, 539 U.S. at 57,123 S.Ct. 2037, quoting in turn Mandeville Island Farms,334 U.S. at 236, 68 S.Ct. 996). In Huntsville Utilities, we noted that the evidence that a transaction affected interstate commerce — invoices reflecting suppliers from outside of Alabama — left little doubt that it did. 876 So.2d at 455. Thus, in that case, we reversed the trial court's order denying the motion to compel arbitration. Id.
The Julianos mistakenly rely on our application of the facts inHuntsville Utilities to narrowly construe the applicability of the FAA. As we stated in HuntsvilleUtilities and in Wolff Motor Co., the movant need not prove that the individual transaction at issue substantially affects interstate commerce. Huntsville Utilities,876 So.2d at 454; Wolff Motor Co., 869 So.2d at 1133. In fact, the FAA can be applicable in a case "without showing any specific effect upon interstate commerce." Alafabco,539 U.S. at 56-57, 123 S.Ct. 2037.
We also note that the burden on McKay Building and the other defendants is to provide "' "some evidence which tends to establish its claim."'" Wolff Motor Co.,869 So.2d at 1131 (quoting Jim Burke Auto., 674 So.2d at 1265
(emphasis added) ). McKay Building and the other defendants presented sufficient evidence tending to establish that it used the channels of interstate commerce in performing its remodeling business. See Wolff Motor Co., 869 So.2d at 1132
(stating that Congress can regulate activities that involve the use of the channels of interstate commerce). They submitted affidavits stating (1) that the framing of the Julianos' new kitchen required the use of lumber that frequently comes from Oregon and other states outside Alabama and (2) that the renovation called for the installation of recessed light fixtures that are manufactured in Massachusetts. Both statements tend to establish that McKay Building deals with out-of-state vendors and, thus, that it uses the channels of interstate commerce to perform its remodeling business.
When McKay Building and the other defendants submitted Bob McKay's affidavits, they made a prima facie showing that the transaction involved interstate commerce. The burden then shifted to the Julianos to produce evidence indicating that the arbitration agreement is invalid or that it is inapplicable.Polaris, 879 So.2d at 1132. The Julianos did not produce any such evidence. Therefore, we find that the evidence presented tends to establish that the transaction in this case involves interstate commerce, and we hold that the FAA applies.
 IV. Conclusion
The trial court erred in denying the defendants' motion to compel arbitration and to stay the proceedings; therefore, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and STUART and BOLIN, JJ., concur.
HARWOOD, J., concurs in the result.
[1] The Julianos alleged that one of "the defendants" told them about the defective wiring. The defendants in the trial court were McKay Building, Bob McKay, Donna Mitchell, Randy Maxwell, FC Johnson Electric Co., Inc., and Randy Johnson. Neither the Julianos' complaint nor their brief to this Court specifies who they contend made those representations.
[2] The record does not indicate Donna Mitchell's or Randy Maxwell's relationship to McKay Building or Bob McKay. However, all four parties are represented by the same counsel, jointly moved to compel arbitration, and jointly appeal. In addition, the appellants' brief refers to McKay Building, McKay, Mitchell, and Maxwell collectively as "McKay Building." The Julianos do not argue or provide any facts indicating that we should analyze the issue before us differently with respect to the different defendants; thus, we do not.
[3] As noted in note 1, the Julianos also sued FC Johnson Electric Co., Inc., and Randy Johnson. However, those defendants do not appear to have moved for arbitration nor are they parties to this appeal. Thus, our references in this opinion to "McKay Building and the other defendants" does not include FC Johnson Electric or Randy Johnson. *Page 887