[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14519
Non-Argument Calendar
_____

D.C. Docket No. 7:15-cv-02350-LSC

VARIABLE ANNUITY LIFE INSURANCE
COMPANY, THE,
VALIC FINANCIAL ADVISORS INC.,

                                              Plaintiffs-Appellees,

versus

BRETT LAFERRERA,
JESSICA LAFERRERA,
CRIMSON CAPITAL GROUP LLC.,

                                              Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 27, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Defendants-Appellants Brett Laferrera and Jessica Laferrera (the "Laferreras") and Crimson Capital Group LLC ("CCG") (collectively, "Defendants") appeal the denial of their motion to compel arbitration and stay proceedings, pursuant to 9 U.S.C. §§ 2–4, in this lawsuit brought by the Laferreras' former employers, The Variable Annuity Life Insurance Company ("VALIC") and VALIC Financial Advisors, Inc. ("VFA") (collectively, "Plaintiffs"). The district court denied Defendants' motion as moot as to the Laferreras because the claims against them had been submitted to arbitration. With regard to the claims against CCG, the court refused to compel arbitration, because the agreement did not allow non-signatories to the agreement to force arbitration, and denied Defendants' alternative request for a discretionary stay of the non-arbitrable claims.

After careful review, we affirm in part and vacate and remand in part. We affirm the district court's rulings on the Laferreras' request for a stay and CCG's request to compel arbitration. However, we conclude that the court abused its discretion by refusing to stay litigation of the claims against CCG, and we vacate and remand with instructions to enter a stay.

## I.

Plaintiffs VALIC and VFA provide retirement plans and other financial products and services to clients. Until mid-December 2015, Plaintiffs employed the Laferreras as financial advisors. At the time they were working for Plaintiffs,

2

the Laferreras also owned and operated CCG, a property and casualty insurance company.  For various reasons, Plaintiffs came to believe that the Laferreras were using confidential trade secrets and client information to contact and "poach" Plaintiffs' clients and provide competing services through CCG.

During their employment with Plaintiffs, the Laferreras each signed identical Registered Representative Agreements ("RRAs") with VFA agreeing to submit disputes to arbitration before the National Association of Securities Dealers, which is now the Financial Industry Regulatory Authority ("FINRA").  Section 11(a) of the RRAs stated that disputes between "Registered Representative[s]" (the Laferreras) and "Broker-Dealer" (VFA) "shall be resolved in accordance with [FINRA's] Code of Arbitration Procedures."  All other disputes, according to § 11(b), "shall be resolved in a court of competent jurisdiction."

The Laferreras both left Plaintiffs' employment in December 2015.  Soon after, Plaintiffs filed this lawsuit alleging breach of contract (against the Laferreras) and violations of Alabama's Trade Secret Act, Ala. Code § 8-27-3, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (against all Defendants).  As to the Laferreras, Plaintiffs sought "only temporary and preliminary injunctive relief, as the merits must be resolved in arbitration."  Plaintiffs requested both injunctive relief and damages as against CCG.

3

By agreement of the parties, the district court entered a preliminary injunction on January 11, 2016. The court entered an agreed-upon expanded preliminary injunction on April 19, 2016.

Plaintiffs submitted their claims against the Laferreras to FINRA in March 2016. Soon after, Defendants moved to compel arbitration of the entire dispute and stay litigation in federal court, pursuant to 9 U.S.C. §§ 2–4. Defendants asked the court to compel arbitration of the claims against CCG, which Defendants claimed were entirely interwined with the arbitrable claims. In the event the doctrine of interwining did not apply, Defendants continued, the court should grant a stay pending arbitration, since there were no separate allegations against CCG and the resolution of the claims against the Laferreras would likely have preclusive effect on the claims against CCG.

The district court denied the motion to compel and stay as moot as to the claims against the Laferreras, which were already in arbitration. As for the claims against CCG, the court refused to compel arbitration, concluding that the doctrine of intertwining did not apply because the RRAs limited arbitration to the signing parties, which CCG was not. The court also denied Defendants' alternative request for a discretionary stay of these claims, reasoning that "CCG's role in Plaintiffs' allegations [was] unlikely to be resolved in the FINRA proceedings." Defendants now appeal.

4

## II.

Defendants argue that the district court erred in refusing to compel arbitration of the claims against CCG.  "We review *de novo* the district court's denial of a motion to compel arbitration." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011); *see* 9 U.S.C. § 16(a)(1).

The Federal Arbitration Act ("FAA") "establishes a liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) (internal quotation marks omitted); *see* 9 U.S.C. § 2.  Under this policy, courts must "rigorously enforce agreements to arbitrate." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004 (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)).

Because arbitration is a matter of contract, however, a court cannot compel arbitration of a dispute in the absence of an agreement to arbitrate, *Lawson*, 648 F.3d at 1170, "even if the result is 'piecemeal' litigation," *Dean Witter*, 470 U.S. at 221.  "An exception to that rule is that a nonparty may force arbitration if the relevant state contract law allows him to enforce the agreement to arbitrate." *Lawson*, 648 F.3d at 1170.

CCG is not a party to the arbitration agreements between the Laferreras and VFA.  So it cannot compel arbitration unless Alabama state contract law allows it to enforce the agreements.  Defendants argue that the Alabama doctrine of

5

"intertwining," a variation of the theory of equitable estoppel, permits CCG to enforce the agreements to arbitrate.

Under Alabama law, "[a]rbitration may be compelled under the doctrine of 'intertwining,' where arbitrable and nonarbitrable claims are so closely related that the party to a controversy subject to arbitration is equitably estopped to deny the arbitrability of the related claim." *Jenkins v. Atelier Homes, Inc.*, 62 So. 3d 504, 510 (Ala. 2010) (internal quotation marks omitted). But "if the language of the arbitration provision is party specific and the description of the parties does not include the nonsignatory, [the] inquiry is at an end," and the claims against the non-signatory cannot be submitted to arbitration. *Smith v. Mark Dodge, Inc.*, 934 So. 2d 375, 381 (Ala. 2006); *see Ex parte Stamey*, 776 So. 2d 85, 89 (Ala. 2000) (holding that a non-signatory cannot enforce an arbitration agreement if "the description of the parties subject to the arbitration agreement [is] so restrictive as to preclude arbitration by the party seeking it").

Here, CCG cannot enforce the agreements to arbitrate because the description of the parties subject to the agreements is "so restrictive as to preclude arbitration" by non-parties. *See Ex parte Stamey*, 776 So. 2d at 89. The language of section 11(a) of the RRAs, regarding arbitration, is specific to disputes between "Registered Representative[s]" (the Laferreras) and "Broker-Dealer" (VFA). Section 11(b) then expressly states that all other disputes "shall be resolved in a

court of competent jurisdiction."   Because the language of the agreements to arbitrate is party specific, does not include CCG, and expressly states that all other disputes are not subject to arbitration, the "inquiry is at an end," *Smith*, 934 So. 2d at 381, even if the non-arbitrable claims are "intimately founded in and interwined with" the arbitrable claims, *see Ex parte Stamey*, 776 So. 2d at 89.

Accordingly, we affirm the district court's ruling that, under Alabama contract law, CCG could not compel arbitration of the claims against it because the language of the agreements limited arbitration to the signing parties.

## III.

In the alternative, Defendants argue that the district court should have stayed the non-arbitrable claims against CCG pending arbitration of the claims against the Laferreras.[1]  A stay was warranted, Defendants contend, because CCG's liability is predicated entirely on the Laferreras' conduct, so "[r]esolution of the claims against CCG . . . necessarily requires resolution of the overlapping claims against the Laferreras, and identical evidence, witnesses and legal issues do not merely predominate but are all there is."  Appellant's Br. at 30.

---

[1]  Plaintiffs question our jurisdiction to review the district court's discretionary refusal to stay proceedings, which we agree is not an independently appealable interlocutory order. Nevertheless, the district court's order denying Defendants' motion for a stay of all claims under 9 U.S.C. § 3 is immediately appealable under 9 U.S.C. § 16, *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627–28 (2009), and we may exercise pendent appellate jurisdiction over the closely intertwined issue of the denial of a discretionary stay, *see King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1379–80 (11th Cir. 2009).  *See also Klay*, 389 F.3d at 1203–04 (reviewing the court's refusal to grant a discretionary stay of non-arbitrable claims).

7

We review the denial of a motion to stay litigation of non-arbitrable claims for an abuse of discretion. *Klay*, 389 F.3d at 1203. The abuse-of-discretion standard gives the district court a range of choice, so long as that choice does not constitute a clear error of judgment. *See, e.g.*, *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001).

A district court is required to stay a pending suit when it is satisfied that only arbitrable issues remain. *Klay*, 389 F.3d at 1203–04; *see* 9 U.S.C. § 3. When a court is presented with both arbitrable and non-arbitrable claims, however, the decision to stay the non-arbitrable claims is within the court's discretion. *Klay*, 389 F.3d at 1204. Generally, courts may refuse to stay proceedings when it is feasible to proceed with litigation. *See id.* "Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id.*

Here, we conclude that the district court abused its discretion in refusing to grant a stay of the claims against CCG. The claims against CCG and the Laferreras are based on the exact same factual allegations, the vast majority of which relate to the Laferreras only. These allegations show that CCG took no action except through, or at the direction of, the Laferreras, and could not be held liable unless the Laferreras are also liable. For instance, Plaintiffs' trade-secrets claim against CCG is based on the Laferreras having "breach[ed] the confidence

8

reposed in them by the VALIC Companies and caus[ed] such secrets to be transmitted to a non-VALIC device," which CCG now possesses. *See* Amended Compl. ¶¶ 68–70 (Doc. 30 at 22). The fact that CCG and the Laferreras are technically different defendants is of no practical importance because CCG's liability is predicated on the Laferreras' misconduct.

Permitting the claims against CCG to go forward in federal court while the same claims against the Laferreras proceed in arbitration would require the Laferreras to defend identical claims in two separate forums. It also would give rise to the possibility of inconsistent results. In these circumstances, we find that the record compels a conclusion that a discretionary stay should have been granted because "arbitrable claims predominate . . . [and] the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *See Klay*, 389 F.3d at 1204. Accordingly, we vacate the court's ruling on this issue and remand with instructions to grant a stay as to the claims against CCG.[2]

## IV.

Finally, Defendants argue that the district court erred in denying their motion for a stay of proceedings against the Laferreras under 9 U.S.C. § 3. In Defendants' view, the district court should have granted their motion for a stay under § 3 once the claims against the Laferreras were submitted to arbitration.

---

[2] We note in passing that the district court's docket reflects that litigation of these claims has not progressed since the court's denial of a stay.

Defendant suggest that a stay under § 3 would have stayed litigation on issues of injunctive relief in federal court. Without a stay, Defendants assert, they have been forced to continue to litigate issues of injunctive relief in federal district court, notwithstanding the FINRA panel's hearing on injunctive relief and subsequent denial of permanent injunctive relief in early August 2016. Defendants specifically question whether the court can address Plaintiffs' pending motions for (1) sanctions for Defendants' alleged violations of the terms of the preliminary injunctions and (2) modification of the preliminary injunctions so that they no longer applied directly to the Laferreras.[3] The motion for modification followed the FINRA panel's decision denying permanent injunctive relief and directing the parties to jointly move the district court to modify or dissolve the preliminary injunctions as to the Laferreras.

Here, the district court did not err in denying as moot the Laferreras' motion to stay. "Section 3 applies to only 'any suit or proceeding . . . brought . . . *upon any issue referable to arbitration*.'" *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1268 (11th Cir. 2015) (quoting 9 U.S.C. § 3) (emphasis added). Plaintiffs' lawsuit sought "only temporary and preliminary

---

[3] Defendants present their arguments in jurisdictional terms, repeatedly and incorrectly asserting that the basis of the district court's subject-matter jurisdiction was the FINRA rules of arbitration. Rather, the court's jurisdiction over the action was based on 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), and 1367 (supplemental jurisdiction).

10

injunctive relief" as against the Laferreras.  And as Defendants concede, the agreements to arbitrate, which incorporate the FINRA rules, provide that the parties "may seek a temporary injunctive order from a court of competent jurisdiction."[4]  Appellant's Br. at 17 (quoting FINRA Rule 13804(a)(1)).  So while the issue of permanent injunctive relief was a question for the FINRA arbitration panel, the issue of temporary injunctive relief was not "a substantive *issue referable to arbitration.*"  *See United Steel*, 807 F.3d at 1268 (holding that a suit to compel arbitration was not a suit upon a substantive issue referable to arbitration).

More generally, stays under § 3 do not preclude courts from granting the injunctive relief provided for in an agreement to arbitrate.  In *American Express Financial Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939–40 (11th Cir. 1997), for example, we held that a district court, after granting a stay under § 3, erred in refusing to grant injunctive relief where the parties intended for a court of competent jurisdiction to grant injunctive relief pending the arbitration.  *See also Merrill Lynch, Piece, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1052 (4th Cir. 1985) ("[T]he language of § 3 does not preclude a district court from granting one party a preliminary injunction to preserve the status quo pending arbitration.").  Here, as in *Makarewicz*, the parties agreed to allow a court of competent

---

[4] Because Defendants agreed to the preliminary injunctions entered by the district court, we do not consider Defendants' assertion that "Plaintiffs did not properly apply for temporary injunctive relief in aid of arbitration."

jurisdiction to grant temporary injunctive relief pending arbitration. Defendants offer no persuasive reason to conclude that § 3 affects the issue of temporary injunctive relief.

On the whole, Defendants' arguments relate to the preliminary injunctions themselves and how "temporary" they should have been under the FINRA rules. Defendants focus particularly on the effect of the FINRA panel's actions on both the injunctions and Plaintiffs' requests for sanctions and modification of the preliminary injunctions. The district court held a telephone conference call about these matters but, as far we can tell from the docket, reached no clear resolution. Indeed, as of the date of this opinion, the court has not entered an order modifying or dissolving the preliminary injunctions or granting or denying Plaintiffs' motion for sanctions. In short, the district court has yet to pass on these matters. And "[i]t is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Our jurisdiction, moreover, is limited to the "order . . . refusing a stay of any action under [§] 3." 9 U.S.C. § 16(a)(1)(A). The preliminary injunctions are not before this court for review. And Defendants do not explain how we have jurisdiction to address issues relating to the injunctions about which no order has been entered. In any case, these matters are better resolved by the district court in the first instance.

## V.

For the reasons stated, we affirm the district court's refusal to compel arbitration of the claims against CCG, but we conclude that a stay should have been granted as to these claims, and therefore vacate the court's ruling on this ground and remand with instructions to grant a stay. We affirm the court's denial of a stay under § 3 as to the Laferreras.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**